16441

WILLIAMS v. CITY OF COLUMBIA *ET AL.*

(62 S. E. (2d) 469)

288

*Messrs. C. T. Graydon* and *John Grimball,* of Columbia, *for Appellant,*

*Messrs. John M. Daniel, Attorney General,* and *T. C. Callison, R. Hoke Robinson, James S. Verner,* and *Daniel R. McLeod, Assistant Attorneys General,* all of Columbia, *for Respondents,*

December 6, 1950.

STUKES, Justice.

This appeal is from an order of the Court of Common Pleas affirming the refusal of the Industrial Commission to award workmen's compensation. Appellant was a laborer and handy man at the municipal water plant of Columbia. On the second or third day of a two weeks' vacation he returned to the plant in order, he said, to obtain permission of his employer to leave the city. He found other employees gathering nuts from a pecan tree on the premises and joined them. He climbed the tree and fell, sustaining serious injuries. The plant superintendent permitted the employees to gather the nuts at off-hours and keep them for themselves. This was done to remove temptation from trespassing children who would otherwise be attracted to the tree and incidentally pollute a nearby reservoir. ·

The commission and the court on appeal declined claim for compensation upon the ground that the injury did not arise out of and in the course of the employment. Code sec. 7035(f). The relevant finding of fact by the hearing commissioner, which was affirmed on review by the commission, follows: "That the accident sustained by the claimant on October 28th 1947 did not arise out of and in the course of his employment; that the claimant was on vacation and had not been instructed to return to work on said date."

The evidence upon which the foregoing was founded has been carefully considered and amply supports it; no useful purpose would be served by restatement here. There was some conflict which makes applicable the following quotation from 58 Am. Jur. 872, 873, Workmen's Compensation, sec. 461: "Generally speaking, the question whether an injury arose out of or in the course of the employment is one of law where the facts are admitted, and one of fact where the evidence is conflicting." Therefore, the lower court did not err in refusing to reverse the conclusion of the fact-finding body, which is binding. Code sec. 7035-63. S. C. cases in 34 South Eastern Digest, Part 2, page 845 *et seq.*, Workmen's Compensation, Par. 1939. In contrast, the question of whether the injury arose out of the employment became one of law in *Jordan v. Dixie Chevrolet*, S. C., 1950, 61 S. E. (2d) 654, as will be seen by reference to it.

Ordinarily an employee while on vacation is naturally and logically not within the protection of the workmen's compensation law. No text or decision contrary to this generalization has been cited, and we know of none. The facts of the case in hand do not bring it within the rule relied upon by the appellant and illustrated by the decisions contained in the annotation in 7 A. L. R. 1078 entitled, "Injuries received while performing service for employer before or after hours as arising out of and in the course of employment."

The exceptions are overruled and the judgmend affirmed.

BAKER, C. J. and FISHBURNE, TAYLOR, and OXNER, JJ., concur.