## 19526

George Raphel LaMOTT and Denise J. LaMott, Respondents, v. CITY OF WEST COLUMBIA, and State Workmen's Compensation Fund, Appellants.

(193 S. E. (2d) 592)

*Messrs. Daniel R. McLeod, Atty. Gen., G. W. Thomason, Asst. Atty. Gen.,* and *James C. Anders, for Appellants,* ▮

*E. Pickens Rish, Esq.,* of Lexington *for Respondents,*

December 4, 1972.

LEWIS, Justice:

Mr. George O. LaMott, Jr., who was employed at the time of his death by the appellant, City of West Columbia, drowned in Lake Murray, some distance from the City, while assisting in the recovery of a sunken racing boat and the body of its driver. This proceeding involves the application by the beneficiaries of the deceased for benefits under the Workmen's Compensation Act. The sole question for determination is whether the death of the employee arose out of and in the course of his employment. The matter is here on appeal by the employer from an order of the lower court holding, contrary to the findings of the Industrial Commission, that the employee was acting in the course of his employment at the time of his death and that the claimants were, therefore, entitled to an award. The facts are not in dispute.

The City of West Columbia maintained a Fire Department and, in connection with it, the West Columbia Rescue Squad. The deceased was employed at the time of his death as a fireman by the City and had been so employed for several years. He and the other firemen were also members of the Rescue Squad and customarily, with the approval of the City, answered fire and rescue calls outside the City limits. Answering rescue call was considered an obligation or duty of the personnel of the Fire Department, who also acted as the Rescue Squad.

The employees of the West Columbia Fire Department were subject to call whether on or off duty; and this was true of a fireman on vacation, if he was in town. While vacationing or off duty firemen were subject to call at all times, they were not required to respond to fire or rescue alarms unless they were called or requested to do so.

The deceased began a (2) week vacation, with pay, on August 26, 1967. On the morning of September 1, 1967, while still on vacation, he stopped by the fire station, where he normally worked. The purpose of his visit is not revealed in the record but, in any event, he was not called or requested to come to the fire station. After some conversation with the chief of the Fire Department and another person present at the station, the deceased voluntarily accompained the two to Lake Murray in a city owned vehicle, where search operations were in progress for a sunken racing boat and the body of its driver who had been killed in a race several days before. Other members of the West Columbia Rescue Squad, of which deceased was a member, had been assisting in the search. However, none of those accompanying deceased to the lake were on duty and had not been called to assist. When they arrived at the lake, the deceased voluntarily participated in the search operations, and while assisting in raising the sunken boat, was thrown into the water and drowned.

It is undisputed that at the time of his death the deceased was not on duty but was on vacation, and had not been

called or instructed to go to the lake to participate in the operations incident to the recovery of the boat and the body of its driver. Neither was there present any fact or circumstance which would have indicated an urgent need for the services of the deceased. He simply, while on vacation, volunteered to go along and help.

The foregoing facts bring this case within the general rule that an employee while on vacation is not within the protection of the Workmen's Compensation law. *Williams v. City of Columbia,* 218 S. C. 287, 62 S. E. (2d) 469.

Since the deceased was on vacation and was preforming no duty of his employment at the time he was drowned, his death did not arise out of and in the course of his employment.

The cases of *Compton v. Town of Iva,* 256 S. C. 35, 180 S. E. (2d) 645 and *Walker v. City of Columbia,* 247 S. C. 241, 146 S. E. (2d) 856 do not dictate a different result, as urged by claimants. *Compton* involved a situation where, though the officer was not on regular duty, it was reasonably inferable that he was engaged at the time of his death in authorized law enforcement. In *Walker,* the city police officer, who was not on duty and beyond the city limits, suffered a fatal heart attack while assisting a fellow officer in need of help in making an arrest. We held that, although not on regular duty and outside the area where he normally worked, the officer was nevertheless engaged in the performance of duties of his employment as they were understood by his immediate superiors and as he had given to understand them.

In both *Compton* and *Walker,* the activity of the employee resulted from a condition of the employment as a police officer and the accident was therefore held to have arisen because of the employment. In the present case, however, the questioned activity of the employee did not result from any duty, obligation, or condition of the employment, but was a purely voluntary and gratuitous effort.

The judgement of the lower court is accordingly reversed and the cause remanded for entry of judgment in favor of the defendants in accordance with the decision of the Industrial Commission.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.